May Term,<br>1856.<br><br>Doe<br>v.<br>The Presi-<br>dent and<br>Trustees of<br>the Town of<br>Attica.

---

7 | 641<br>145 | 23

## Doe on the demise of Stump and Another *v.* The President and Trustees of the Town of Attica.

In ejectment, a tenant in possession, when offered as a witness by his landlord, was, under the former practice, incompetent.

In ejectment, A. and B. having been offered as witnesses by the defendant, the plaintiff introduced, without objection, the return of the sheriff to the process issued, to show that A. and B. were tenants of the defendant. *Held,* that the evidence was *prima facie* sufficient.

If a witness, incompetent to testify under the former practice, was erroneously admitted, the error is not cured by the fact that the witness, on a future trial, would be competent.

A dedication may be proved by parol.

The proprietor of a town exhibited a plat thereof with certain lots upon it denoted as a "public square" and colored, stating that the lots were for a public square.

*Held,* that this was evidence of the dedication of the square to the public.

*Held,* also, that the circumstance that on the recorded plat no "public square" was denoted, was of no importance.

ERROR to the *Fountain* Circuit Court.

GOOKINS, J.—Ejectment, on demises of *Stump* and *Tred-way,* against the *President and Trustees of the Town of*

Monday,<br>June 16.

May Term,
1856.

DOE
v.
THE PRESI-
DENT AND
TRUSTEES OF
THE TOWN OF
ATTICA.

*Attica,* to recover lots numbered thirty-five and thirty-six, as designated on the recorded plat of said town. Verdict and judgment for the defendants.

On the trial, *Colman* and *Crumpton* were offered as witnesses by the defendants, and objected to by the plaintiff, on the ground of incompetency for interest. The objection was overruled. The interest of the witnesses consisted in the fact that they were tenants in possession of the lots in dispute, on whom the declaration was served. The defendants in error insist that when they had been admitted to defend, and had entered into the consent rule and pleaded to the action, the tenants had no further interest in the suit; and further, that the plaintiff in ejectment can not disqualify a person from testifying by merely serving a declaration upon him; because, if this were allowed, he could disqualify all the defendant's witnesses. In regard to the latter point, the sheriff's return shows that the declaration was served upon *Colman* and *Crumpton,* and that they were tenants in possession. The plaintiff gave this return in evidence to prove the fact relied on. No objection was made to proving it in that way; and, *prima facie,* the proof was sufficient to establish the fact proposed. Had the defendants wished to disprove this fact, it was competent for them to do so, and thus to have removed the objection.

On the question of their competency, the rule is, that an interest in the suit, or an interest in the record, will disqualify; and a tenant in possession, when offered as a witness by his landlord, is said to be disqualified on both branches of the rule; 1 Greenl. Ev., s. 406; because, first, if there is a recovery against the landlord, he is turned out, by process upon the judgment in the case in which he is sworn; and, secondly, the record of recovery would be evidence against him in an action for mesne profits. It was therefore error to admit them.

The defendants in error insist, however, that for this error the judgment should not be reversed, because, by the law now in force, they would be competent on another trial. It was said, in the case of *McCall* v. *Seevers,*

# OF THE STATE OF INDIANA. 643

5 Ind. R. 187, that in such a case the judgment would not be reversed; but it was not necessary to decide the question in that case, because the witnesses were held in fact competent. Nor did the Court so decide. The *dictum* in that case found its way into the report erroneously, as was afterwards explained by *Stuart, J.*, who delivered the opinion, in *Unthank* v. *The Henry County Turnpike Company*, 6 Ind. R. 125. The precise question was deliberately considered in the case of *Cory* v. *Silcox*, 5 Ind. R. 370, where it was held that the error was not cured; and for the reason, that where a witness was held by the Court to have no interest, his testimony would be regarded as free from any bias; but where the interest is admitted, attention is at once directed to the question of credibility, and the jury might view it differently from what they did on the former trial. The case of *Wright* v. *Gaff*, 6 Ind. 416, recognizes the same principle.

It appeared in evidence on the trial, by the testimony of *Colman* and *Crumpton*, that one *Daniel Stump*, who owned the tract of land on which the town of *Attica* is situated, made and recorded a plat of it in 1825; after which he exhibited to citizens of the town a plat on which the lots in question were colored, and marked "public square;" and that at the same time he declared that said lots were for a public square, without specifying any particular use to which they were to be appropriated; that the citizens of the town had erected a school house upon the lots, and had continued to occupy them from that time until the time of the trial; that during the latter part of the time they had been inclosed, they had been used for public celebrations, &c. The copy of the plat taken from the recorder's office, given in evidence, did not contain the words "public square" on the lots, nor were they colored. The witnesses understood the plat exhibited by *Stump* to be the original, which was proved to be lost.

The plaintiff objected to this evidence, on the ground that it tended to prove a dedication by parol, and that it was an attempt to change by parol the effect of the recorded plat. The objections were not well taken. It has

been very often decided that a dedication may be proved by parol. *The Trustees of Dover* v. *Fox*, 9 B. Monroe 200. But here was something more. A map was exhibited with the public square marked upon it, which was evidence of a dedication. *Wyman* v. *The Mayor of New-York*, 11 Wend. 487.—*Livingston* v. *The Same*, 8 *id.* 85. The evidence offered did not tend to change the recorded plat. The lines and numbers by which the lots were bounded and designated, remained as recorded. It was competent for *Stump*, after recording his plat, to color the lots, and write "public square" on them, and to appropriate them to the public use, by that and his concurrent declarations, and especially by allowing the citizens to take possession of them and use them for twenty years without objection.

The plaintiff in error complains of the following instructions given to the jury at the instance of the defendants:

1. "If these lots were dedicated by *Stump*, for the use of the public, without specifying any particular use, the public had a right to use them for any specified public use not inconsistent with such dedication.

2. "Twenty years' legal possession is a bar to the action of ejectment.

3. "A dedication of real estate may be made to the use of the public, either by writing or without writing, by parol or verbal dedication."

We do not perceive any objection to the instructions as applied to the evidence.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. R. M. Bryant* and *R. A. Chandler*, for the plaintiff.

*H. S. Lane*, *S. C. Willson*, *Z. Baird* and *D. Mace*, for the defendants.