## SCANTLIN ET AL. *v.* GARVIN ET AL.

CONVEYANCE.—*Condition    Subsequent.—Town    Plat.—County-Seat.—Public Square.*—The original plat of the town of Evansville was made in 1817, and at the bottom of the plat it was stated in writing that a certain block, through which two streets passed, "is reserved for a public square." Afterward, in 1818, the owners of the real estate thus platted proposed to the commissioners appointed to locate and fix the seat of justice for Vanderburgh county, that if they would fix the same in the town of Evansville, and have the square, designated on the plat as the public square, located as the square for the seat of justice, on which the public buildings should be erected, they would give as a donation, to and for the use of said county, said public square, together with other real estate, and convey the same, on the terms aforesaid, to such person as might be authorized to receive a conveyance; which proposition was accepted by said commissioners and the seat of justice established on said public square, and the jail and court-house erected thereon in 1818. Afterward, in 1819, the owners of the real estate thus platted conveyed to the agent for Vanderburgh county, for the use of Vanderburgh county, one-half of the public square thus designated on the plat, the deed of conveyance containing no conditions whatever. Afterward, in 1852, the Board of Commissioners of Vanderburgh County made an order directing the county agent to sell a part of said square, being a part upon which was located the jail, and in pursuance of such order the same was sold and conveyed.

*Held*, that the title of Vanderburgh county to the real estate was absolute, and free from any condition subsequent that it should be used for the erection of the public buildings of the county, and for no other purpose.

*Held*, also, that a corrected plat made ten years after the deed was made to the county agent could have no effect upon the title.

TOWN PLAT.—*Reservation for Public Square.*—A statement at the foot of a town plat that certain real estate contained therein is reserved for a public square does not indicate an intention to part with the property, but rather the opposite.

From the Posey Circuit Court.

*J. E. McDonald* and *J. M. Butler*, for appellants.

*A. Iglehart, C. Baker, O. B. Hord*, and *A. W. Hendricks*, for appellees.

DOWNEY, J.—This was an action by the appellants against the appellees, to recover certain real estate, being a part of what was the original public square as laid off in Evansville. The action was commenced in the Vanderburgh Circuit Court, but by change of venue was tried in the Posey Circuit Court. The defendants filed an answer consisting of a single special paragraph, in which they set forth their title at length. The plaintiffs replied to the answer specially. The defendants demurred to the reply. The demurrer was sustained by the court, and the plaintiffs declining to make any further reply, judgment was rendered in favor of the defendants. The appellants assign this ruling as error. They also assign as error the rendition of the judgment for the defendants, but this assignment amounts to nothing, as the rendition of judgment for the defendants must have been right, if the ruling on the demurrer to the reply was correct.

The complaint is in the ordinary form of complaints for the recovery of real property. It may be well to state in brief before setting out the facts in the answer, that the premises in controversy constitute a portion of one of four lots or squares of ground in the city of Evansville, and these four squares of ground were together designated on the original plat of Evansville as "the public square," although they were separated from each other by streets. Both parties claim title through and under James W. Jones and Robert M. Evans, two of the three proprietors of Evansville, by whom the town was laid out. The defendants claim title to the premises, under a conveyance from said Jones and Evans, and their wives, to the county agent of Vanderburgh county, and through a deed made by said agent, by direction of the board of commissioners of said county, to the appellees' grantor. The plaintiffs, as the heirs at law of the said James W. Jones and Robert M. Evans, claim the premises by descent. As the sole basis of their claim, the

appellants insist that the four lots or squares of ground, designated on the plat of Evansville as the public square, were held by the county of Vanderburgh, upon and subject to a condition subsequent, which condition required said premises to be perpetually used for public or county purposes, and prevented the alienation thereof; that the sale and conveyance of a part of said public square, including the premises in controversy, by the county agent, by the direction of the board of commissioners, was a breach of said condition subsequent, which worked a forfeiture of the property, and gave the heirs of Jones and Evans a right to recover the premises by action against those who hold under the county agent's deed.

The allegations of the answer are as follows:

1. That the premises sought to be recovered consist of a part of the "public square" in the town of Evansville, in the county of Vanderburgh, and State of Indiana, as said square was laid off and designated on the original plan of the said town of Evansville, according to the plat of the original plan of said town as made, platted, and recorded by James W. Jones, Robert M. Evans, and Hugh McGary, in the year A. D. 1817.

2. That the said original plan of the said town of Evansville was laid off and is situated on fractional section No. 30, in township 6, south of range 10 west, in said county of Vanderburgh, and that Hugh McGary, one of the proprietors of said town, was, prior to and on the 20th day of November, A. D. 1817, the owner in fee simple of said entire section.

3. That prior to said 20th day of June, 1817, the said Hugh McGary had bargained and sold, and agreed to convey to the said James W. Jones and Robert M. Evans one hundred and thirty acres, part and parcel of said fractional section, and in anticipation of said conveyance, the said Jones, Evans, and McGary laid off the original plan of the town of Evansville on said fractional section, by which Main street of said town commenced at the Ohio River and extended back through

the plat in a north-eastern direction, so as to separate the public square as laid down and designated in said plat by placing two blocks or quarters thereof below (or down the river) from Main street, and by which plat Third street of said town was made to pass through said plan at right angles to Main street, so as to leave one quarter or block of the upper half and one quarter or block of the lower half of said public square on each side of said Third street.

4. That after the said Jones, Evans, and McGary had made and signed said plat, but before the same was proved according to requirements of the statute so as to entitle it to be recorded, the said Hugh McGary and his wife, on the 20th day of June 1817, by their deed of that date conveyed to the said James W. Jones and Robert M. Evans the said one-hundred-and-thirty-acre tract before bargained and sold as aforesaid, the same being all that part of said fractional section, which was and is situated above or up the river from Main street according to the said plan and plat of said town, except thirty acres theretofore conveyed by said McGary to Carter Beaman, and that the premises so conveyed by said deed embraced and included the two blocks or quarters of said public square which were and are situated above Main street according to the said plat and plan of said town, and also embraced and included the real estate mentioned and described in the plaintiffs' complaint.

5. That after the making and delivery of said deed, on the 17th day of July, A. D. 1817, the said Jones, Evans, and McGary caused the previous execution of said plat to be proved before Louis Tackett, a justice of the peace of Warrick county, in the State of Indiana, said town of Evansville and said fractional section then being in said Warrick county, which proof was endorsed on said plat.

6. That within ten days from and after the said 17th day of July, 1817, the said plat was recorded in the recorder's office of Warrick county aforesaid, where it still remains of record.

On this plat the square is shown. Main street, sev-

enty-six feet wide, running north and south, cuts the square into two parts, and Third street, sixty feet wide, running east and west, cuts each half into two parts. So that the square is really divided into four smaller squares. There were no words written upon the part of the plat representing the square to indicate that it was designed for any particular use. But in a writing at the foot of the plat this language is used: "The block through which Main street and Third street pass is reserved for a public square."

7. That afterward, on the 19th day of January, A. D. 1819, the said James W. Jones and his wife and the said Robert M. Evans and his wife made, executed, acknowledged, and delivered to Daniel Miller, who was then county agent of Vanderburgh county (said county then being organized and embracing said town of Evansville within its limits) their deed of conveyance of that date, whereby the said Jones and Evans and their wives, for the pecuniary consideration mentioned in said deed ($500), conveyed to the said Daniel Miller, agent for Vanderburgh county, as aforesaid, and to his successors in office, for the use, benefit, and behoof of the county of Vanderburgh, among other parcels of real estate mentioned in said deed, that half of said public square as designated on said plat and mentioned in the explanatory memoranda endorsed thereon, which is situated above or up the river from Main street aforesaid, which deed included and conveyed the premises mentioned and described in the complaint, and sought to be recovered in this action.

8. That afterward, in the year 1852, the Board of Commissioners of Vanderburgh County, by their order duly entered of record, ordered and directed Thomas E. Garvin (who was then and there the county agent of said county, duly appointed and qualified and remote successor to said Daniel Miller in said office of county agent) to sell and convey that part of said public square which includes the premises mentioned and described in the plaintiffs' com-

plaint. A copy of the said order of said board of commissioners is made a part of the answer,

9. That the said Thomas E. Garvin, as such county agent, in pursuance of said order, sold and conveyed that portion of said public square which embraces the premises mentioned in the complaint, to James Roquet, as appears by the deed of conveyance then executed and delivered by said agent to said Roquet, a copy of which deed is made part of the answer.

10. The title is here traced to the premises in question, by proper averments, from James Roquet to the defendants in this action; and it is averred that the defendants Pollard and De Bruler are the mere tenants of the defendant Garvin.

11. That in the year 1818 the county jail of said county was built on that portion of said public square, which includes the premises sought to be recovered, and that said jail was used as the county jail of said county, until said premises were so sold and conveyed by said county agent to said Roquet; and that the court-house of said county was erected in the year 1818 on the other quarter of the upper half of said square, and was used as the court-house of said county from the year 1818 to the year 1852, and that the premises mentioned in the complaint were sold for the purpose of erecting a new court-house on one of the quarters of the lower half of the said public square, and the proceeds applied to the erection of such new court-house, which is still used as the court-house of said county.

12. That said defendants claim title to said premises through and under the said deeds of conveyance hereinbefore stated and mentioned, and not otherwise; and that the defendant Garvin has for fifteen years been, and still is, in the exclusive occupancy and possession of said premises mentioned in the complaint, claiming to be the absolute owner in fee thereof, under the title before in this answer pleaded and mentioned, and that said defendants

have no other title to said premises, except such as is so aforesaid pleaded and mentioned.

13. That the said James W. Jones died in the year 1840, and the said Robert M. Evans in the year 1843, and that the said plaintiffs have not, nor has either of them, any right, title, or claim to said premises in the complaint mentioned, or to any part thereof, except such as is derived by descent through, from, and under the said James W. Jones and Robert M. Evans, deceased.

14. That said plaintiffs claim said premises on the supposed grounds that Vanderburgh county held said premises under the facts hereinbefore stated and mentioned, upon condition that said "public square" should always be used for public or county purposes, and should never be sold or conveyed by the county or its agents, or diverted or applied to private uses, and that by the action of the board of county commissioners of said county, in ordering the sale and conveyance of said premises as aforesaid, and by the action of the said county agent in selling and conveying said premises as aforesaid, the said premises were forfeited, one-half to the heirs of said Jones, and the other half to the heirs of the said Evans.

15. The answer then expressly admits that a portion of the plaintiffs are the heirs of said Evans, and that another portion of said plaintiffs are the heirs of the said Jones, and that the plaintiffs together are the proper persons who as the heirs of the said Jones and Evans would have the right to take advantage of said supposed forfeiture, if such a forfeiture has occurred or exists, but the defendants insist, in concluding their answer, that no such forfeiture ever did or could exist under the facts thereinbefore pleaded and mentioned, and that by force and virtue of said facts so pleaded, the said defendant Garvin is the absolute owner in fee simple of the premises sought to be recovered. The answer concludes with the prayer that it may be taken as a cross complaint, and that defendants' title to the premises may be quieted, etc.

The allegations of the reply are substantially as follows, viz.:

1. The reply admits that the real estate mentioned in the complaint constituted a part of the upper half of the public square in the town of Evansville, as the same was designated on the original plan of said town, as made by the said James W. Jones, Robert M. Evans, and Hugh McGary, and recorded in the year 1817.

2. That said plaintiffs also admit that the original plan of Evansville was laid off, and is situated, on fractional section No. 30, in township 6, south of range 10 west, in the county of Vanderburgh.

3. That Hugh McGary, one of the proprietors of said town, was, prior to and on the 20th day of June, A. D. 1817, the owner in fee simple of said entire section.

4. Plaintiffs also admit that on the 20th day of June, 1817, the said Hugh McGary, by his deed of that date, in the execution of which his wife joined, conveyed to the said James W. Jones and Robert M. Evans one hundred and thirty acres, part and parcel of said fractional section ; but plaintiffs say that as to any agreement between the said McGary and the said Jones and Evans prior to the said 20th day of June, 1817, whereby the said McGary bargained and sold and agreed to convey to the said Jones and Evans the one hundred and thirty acres, plaintiffs have no knowledge, and deny that there was any such agreement.

5. The plaintiffs also admit that the said one hundred and thirty acres so conveyed was all that part of said fractional section which was and is situated above (or up the river from) the center of Main street, according to said plan of said town, except thirty acres theretofore conveyed by said McGary to Carter Beaman, the said one hundred and thirty acres embracing the two blocks or quarters of said public square, which were situated above the said Main street, within which is situated the real estate mentioned and described in the complaint.

6. The plaintiffs also admit that after the making of said

deed, and on the 17th day of July, A. D. 1817, the original plan of said town of Evansville, as made by the said McGary, Jones, and Evans as aforesaid, was acknowledged by the said Hugh McGary and Robert M. Evans before one Louis Tackett, a justice of the peace of Warrick county, within which county the said fractional section then was; but the plaintiffs say that said plan was never proved or acknowledged by the said James W. Jones as required by law, and that as to when said plat or plan of the said town of Evansville was made, the plaintiffs have no knowledge, but believe and aver that the same was made subsequent to the said 20th day of July, 1817; neither do the plaintiffs admit or deny the allegations of the defendants as to when said plat or plan was recorded, they having no knowledge thereof.

7. Plaintiffs admit that on the 9th day of January, 1819, the said James W. Jones and his wife, and the said Robert M. Evans and his wife, executed and delivered to Daniel Miller (who was then county agent of Vanderburgh county) their deed of conveyance as is alleged in defendants' answer; but plaintiffs say that the said deed was not a conveyance absolute to the said Miller as such agent, but was a conveyance upon the condition that the portion of said public square so conveyed by said Jones and Evans to the said Miller should be used by the county of Vanderburgh for the purpose of erecting thereon the public buildings of the county, and for no other purpose whatever, as appears from the following facts which plaintiffs aver to be true:

8. That prior to the year 1818, to wit, in the year ———, the General Assembly of the State of Indiana passed an act creating the county of Vanderburgh, and subsequently, in pursuance of law, appointed commissioners to locate and fix the permanent seat of justice for said county; and that according to the provisions of the statute regulating their proceedings and defining their duties, said commissioners met for the purpose of receiving proposals from persons owning lands in said county and offering donations in land for

the use of the same, and received from the proprietors of Evansville, to wit, McGary, Jones, and Evans aforesaid, on the 11th day of March, 1818, a proposition in writing that if they (the said commissioners) would fix the seat of justice for Vanderburgh county in the town of Evansville, and have the square which had been designated as the public square, in the plat of said town, located as the public square of the said seat of justice, on which the public buildings should be erected, they (the said proprietors) would give, as a donation to and for the use of said county, one hundred lots, including said public square, which they would convey on the terms aforesaid, to such person as might be authorized to receive the conveyance.

The language of this offer so far as material is this:

" Provided you shall feel disposed to fix the seat of justice for the county of Vanderburgh in the town of Evansville, and have the square, which has been designated as the public square on the plat of said town, located as the public square for the said seat of justice, on which the public buildings shall be erected, we propose to give as a donation, to and for the use of said county, one hundred lots including said public square; that is, the lots included in said square, with the streets and alleys appertaining thereto, according to the plan of said town, as a donation for the use and benefit of said county of Vanderburgh, which we will convey, on the terms aforesaid, to such person as may be authorized to receive a conveyance for the same, for the purpose aforesaid."

9. The reply further states that on the said 11th day of March, 1818, the said commissioners made their report according to law to the county commissioners of said county, in which they say that they have determined on fixing the permanent seat of justice for said county on the square designated as the public square on the plan of the town of Evansville; and that the proprietors of said town have proposed to give, as a donation to the use of said county, one hundred lots, including the public square, agreeably to the

plan of said town; and that they had accepted the proposition and fixed and established the permanent seat of justice of said county on said public square.

10. The reply then states that in pursuance of the statute regulating the fixing of the seats of justice in all new counties, the said Hugh McGary, James W. Jones, and Robert M. Evans executed a bond, in the penal sum of twenty thousand dollars, conditioned that, whereas the commissioners had selected the square in the town of Evansville, known as the public square, in consideration of the establishment of the seat of justice on said square, and in consideration of the erection of the public buildings thereon, they bound themselves to convey to the person authorized to receive it, by title in fee simple, a sufficient quantity of land lying north-easterly of said square to make one hundred lots, and to pay to the treasurer of said county six hundred dollars in cash or material; a copy of which bond is made a part of the reply.

11. And that in pursuance of said proposition and bond, and in order to meet the requirements of the statute aforesaid, touching the fixing of county-seats in new counties, the said Jones and Evans, and their wives, executed on the 9th day of January, 1819, the said deed to Daniel Miller, agent of said county, as is alleged in the answer, and for no other consideration whatever.

12. That afterward, on the 19th day of October, 1830, in pursuance of an act entitled " an act for recording town plats, approved January 21st, 1818, two of the proprietors of said town of Evansville, to wit, James W. Jones and Robert M. Evans, made and executed and acknowledged according to law a corrected plat of the said town of Evansville and endorsed thereon a declaration of the purpose and object of the grant made to the county of four blocks marked and known as the public square, whereby they declare that the said four blocks were granted or intended to be granted to the public as a permanent donation, and whereon to erect public buildings for public purposes, but never in

any event to be converted to private uses. A copy of this corrected plat is made a part of the reply.

13. It is admitted that the Board of Commissioners of Vanderburgh County, in the year 1852, made the order directing the county agent to sell that part of said public square which includes the premises mentioned and described in the complaint, and that the same was sold and conveyed by the county agent to James Roquet, as is alleged in defendants' answer.

14. It is also admitted that Roquet conveyed the premises in controversy to Garvin, and that the same have been held and claimed by him as is alleged in the answer.

15. It is also admitted that the plaintiffs claim as the heirs at law of said Jones and Evans, and not otherwise; and the plaintiffs say that said conveyance by said Jones and Evans to the said Daniel Miller was upon a condition subsequent, and that by reason of the sale of the property mentioned by the county of Vanderburgh to the said James Roquet, said condition was broken and said real estate reverted to the plaintiffs; wherefore judgment is demanded in accordance with the prayer of the complaint.

As the deed from Jones and Evans to the county agent is the most important instrument in the chain of title, so far as the question to be decided is concerned, we copy it except immaterial parts:

"This indenture, made the 9th day of January, in the year of our lord one thousand eight hundred and nineteen, between James W. Jones and Elizabeth, his wife, Robert M. Evans and Jane, his wife, of Gibson county, and State of Indiana, of the one part, and Daniel Miller, agent for Vanderburgh county, or his successors in office, of the other part, witnesseth; that the said James and Elizabeth, Robert and Jane, for and in consideration of the sum of five hundred dollars good and lawful money of the United States, to the said James W. Jones and Elizabeth, his wife, Robert M. Evans and Jane, his wife, in hand paid by the said Daniel

Miller, as agent aforesaid, at or before the sealing and deliv-
ering hereof, the receipt whereof they and each of them
doth hereby acknowledge, and him, the said agent, and his
successors in office, his and their heirs and assigns thereof,
forever exonerate and discharge, hath each of them given,
granted, bargained and sold, aliened, released, conveyed
and confirmed, and by these presents do each give, grant,
bargain and sell, alien, release, convey and confirm unto the
said agent or his successors in office forever, to and for the
sole use, behoof, and benefit of the said county of Vander-
burgh, the several lots or parcels of ground following, to wit:
Half the lot or square of ground designated in the town
of Evansville as the public square, containing about two
acres and twelve poles, exclusive of the streets which pass
through the said square and the alleys which surround the
same, the part hereby conveyed being the upper or south-
eastern half of said square, and also the following lots in
what is called the donation enlargement of Evansville,
to wit:" (Here the numbers are given.) "Together with
all and singular, the rights, members, and appurtenances
thereunto belonging, or any wise appertaining, and all
the estate, right, title, interest, property, possession, claim,
and demand whatsoever, either in law or in equity, or other-
wise howsoever, in the said James W. Jones and Elizabeth
Jones, his wife, Robert M. Evans and Jane, his wife, of, in, or to
the said several lots or parcels of ground and every part and
parcel thereof, with the appurtenances.

"To have and to hold the said several lots and parcels of
ground above described, bargained, and sold, and every part
and parcel thereof, with the appurtenances, to the said agent
and his successors in office, to his own proper use and behoof
forever, and the said James W. Jones and Elizabeth, his wife,
Robert M. Evans and Jane, his wife, for themselves and their
heirs, executors, and administrators, the said several lots of
ground above described, and every part and parcel thereof,
with the appurtenances, to the said agent and his successors
in office, his and their heirs and assigns forever, against the

legal claim or claims of all and every person or persons whatsoever, the said James W. Jones and Elizabeth, his wife, Robert M. Evans and Jane, his wife, shall and will warrant and forever defend by these presents.

"In witness," etc.

The learned counsel for the appellants contend, in their brief, as may also be inferred from the allegations of the reply, that by the various steps taken in platting the town site of Evansville, and in the donation and conveyance of the square to the county, the county became the owner of the square in fee simple, subject to a condition subsequent that the square should never be used for any other purpose than a site for the public buildings of the county; that the county, by selling the part of the square in question, and allowing its use for purposes other than those intended by the donors or grantors, has violated this condition and authorized the appellants, the heirs of the donors or grantors, to recover the ground in this action.

In support of the position that there was a conveyance on condition here, counsel refer to *Scott* v. *Stipe,* 12 Ind. 74. The deed in question in that case is not set out in the opinion. But the court in the opinion say:

"But the grant in this case was not only in trust; it was also upon a condition subsequent that the church should, within a reasonable time, be erected upon the lot, and forever thereafter be used as a house of worship, pursuant to the intention of the grantor."

A church had been erected on the lot and used for a time, and then the lot and church sold to the appellee, and was used by him for a store-room and for other business of a secular character. In the case under consideration, there was no condition either in form or substance in the plat, the proposition to donate, or in the deed. The donors or grantors stipulated for the location of the county-seat at Evansville, and that the public buildings should be erected on the square. This was done; and when they had secured this, they conveyed

ground unconditionally to the county agent by the deed which we have copied.   Their proposition was :

" Provided you shall feel disposed to fix the seat of justice for the county of Vanderburgh in the town of Evansville, and have the square, which has been designated as the public square on the plat of said town, located as the public square for the said seat of justice, on which the public buildings shall be erected, we propose to give as a donation, to and for the use of said county, one hundred lots including said public square, that is, the lots included in said square with the streets and alleys appertaining thereto, according to the plan of said town, as a donation, for the use and benefit of said county of Vanderburgh, which we will convey, on the terms aforesaid, to such person as may be authorized to receive a conveyance for the same, for the purpose aforesaid."

This proposition was accepted by the commissioners to locate the county-seat, to whom it was made, on the 11th day of March, 1818.   The deed was executed on the 9th day of January, 1819.

It is quite clear to us that the case cited is not an authority on which the question under consideration can be decided for the appellants.   It is different from this, in that there was in that case a condition in the deed, while here there is none.

The statement at the foot of the plat that the ground was " reserved for a public square" does not indicate an intention by that act to part with the title to the property, but rather the opposite.   See, on this subject, *Westfall* v. *Hunt,* 8 Ind. 174.

The proposition to the commissioners to locate the county-seat, and their acceptance thereof, formed a contract in accordance with the terms of the proposition.   This contract was fulfilled, or its performance secured to the grantors or donors, before the date of the deed, so that when they made it they inserted no reservation or condition, but made

their conveyance absolute and unconditional. The contract was thus completely fulfilled and merged in the deed.

We are unable to see any ground on which the title of the county to the ground in question can be regarded as upon a condition. See, on this subject, *Hunt* v. *Beeson*, 18 Ind. 380; *Thompson* v. *Thompson*, 9 Ind. 323; *Packard* v. *Ames*, 16 Gray, 327; *Rawson* v. *Inhabitants, etc., of Uxbridge*, 7 Allen, 125; *Ayer* v. *Emery*, 14 Allen, 67; *Heaston* v. *The Board of Commissioners of Randolph County*, 20 Ind. 402.

We cannot discover any bearing which the corrected plat of Evansville can have on the question. This correction in the plat of the city was made more than ten years after the deed was made under which the county held the land in question.

The judgment is affirmed, with costs.