SANBORN VS. THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

A village plat delineated the east line of Water street, running from the N. W. corner of block 5 southward by two degrees and forty minutes west, until it was intersected by Dodge street running nearly east and west. South of block 5 was block 6, whose southern boundary was Dodge street. Directly south of this, was block 14, and west of the latter, block 15, and between these was First street, whose east line continued northward from block 14 would be identical with the west line of blocks 5 and 6. The surveyor's certificate attached to the plat, stated that the breadth of the streets was designated "by figures placed at the north and east ends thereof." The number 80, in figures, was placed on First street, between the north lines of lots 14 and 15. The certificate also stated that the extent of the several lots and blocks was denoted by figures placed on their lines. There were no lines or figures to show, that there was any block or lot in the space between Water and Dodge streets and the west line of blocks 5 and 6. *Held*, that the circuit court did not err, in deciding that an inspection of the plat showed the whole of said space to have been dedicated to the public as a highway.

APPEAL from the Circuit Court for *Jefferson* County.

Action against a railroad company for a trespass in constructing its railway on a certain piece of land, alleged to be-

long to the plaintiff. The premises were a triangular piece of ground in the N. E. fractional quarter of S. 11, T. 6 N., R. 14 E., situate in the village of Jefferson, between the east line of Water street, the west line of block six, and the south line of the same block prolonged westward to Water street. The plaintiff proved that subsequently to the laying out of the village, the county of Jefferson, which held the title by patent to said quarter section, conveyed all its remaining interest therein to him, including all the town lots therein then remaining unsold, except the public square and the streets bordering thereon. He then introduced in evidence the original village plat, with the surveyor's certificate annexed. The east line of Water street, as therein delineated and described, begins at the northwest corner of block five, (which lies immediately north of block six,) and runs south two degrees and forty minutes west, 380 feet, and afterwards changes its direction several times to follow the course of Rock river, which constitutes its western boundary; and its width varies from 60 to 100 feet, more or less. "All other streets," it is stated in the certificate, "run either south two degrees and forty minutes west, or north eighty-seven degrees and twenty minutes east. Their breadth is designated in feet by figures placed on the north and east ends thereof." Other facts which appear from an inspection of the plat are stated in the opinion of the court. The plaintiff then called a witness to prove that the defendant's track was built on the premises described in the complaint, and also to prove the damages; but the court decided that the testimony was inadmissible. The plaintiff then offered to prove by the witness, "1. That the defendant occupies more of the land described in the complaint than the width of its track. 2. That it occupies with ties and timber all the land described in the complaint, that lies along, as well as on each side of its track. 3. The quantity of land described in the complaint. 4. That the distance from the southwest corner of block six to the east line of Water street is more than eighty

feet (the width of First street), and that the company occupies that part of said premises, lying east of Water street and west of the said eighty feet." The testimony was objected to on the ground "that the defendant had not shown title to the premises described in the complaint—that the plat did not show any land at the point designated in the complaint, unoccupied by the two intersecting streets, "Water and First;" and the court sustained the objection. Judgment for the defendant.

*J. E. Holmes*, for appellant, contended that the evidence offered in reference to the termination of First street, and all evidence bearing upon the question whether the premises described in the complaint were dedicated to the public, should have been suffered to go to the jury, citing *Upson v. Raiford*, 29 Ala., 188; *Crawford v. Wilson*, 3 Barb., 504; *Barnes v. Martin*, 15 Wis., 240.

*Enos & Hall*, for respondent.


*By the Court*, PAINE, J. We think the court below correctly decided, that the plat of the village of Jefferson showed upon its face that the entire space between block six and Rock river, was intended for and dedicated as a highway. It is true that if the statement in the certificate of the surveyor as to location of figures denoting the width of streets, and the boundaries of Water street, according to the courses and distances given in the certificate, be alone considered, it would follow that there was a triangular space between the south part of block six and the river, not included in any street. The certificate says that the width of streets is denoted by figures at their northern and eastern ends. The figures 80, denoting the width of First street, are placed in the middle of the street, between the north lines of blocks 14 and 15. Yet an inspection of the plat makes it perfectly obvious that it was the intention that First street should be continued north, beyond those figures, until it reached Water street. The facts that the space is left open, and that the west line of block six is an exact con-

tinuation of the east line of First street, are entitled to much more weight in determining the question, than the mere location of the figures denoting the width of streets. Those figures were used to indicate the width, and not the boundary; and when one street ran into another at an acute angle, as in this case First street runs into water street, running therefore to a point, instead of being 80 feet wide in its extreme northern end, and being intersected just below this pointed portion by Dodge street crossing it at right angles, it was natural enough to place the figures denoting the width where we find them here, without intending to make their location control the obvious meaning of the lines of lots and blocks.

And even, if, after continuing First street north to Water street, there should still be a very small triangular space between Dodge, First and Water streets, we think the plat shows conclusively that the entire space in front of block six including such triangular piece, if such there be, was a highway. If it was not, it would have been a fractional lot or block, and therefore, according to the certificate, its extent would have been denoted by figures placed on its lines. But here are neither lines nor figures, and it is utterly improbable that any parties laying out a village plat, would ever have reserved any such trifling piece of ground.

This conclusion disposes of the plaintiff's case; for conceding the entire space in question to be a highway, the plaintiff could only sustain his action by showing title to the lots fronting upon it, and this he did not attempt to do.

The judgment is affirmed, with costs.