John M. Fisher v. Geo. W. Carpenter.

Addition to City; *Plat—Land, not a Public Street.* Where a certain map or plat of an addition to a city, together with the surveyor's notes and the proprietor's acknowledgment, is filed in the office of the register of deeds, and a certain piece of land is a part of the land designated by the boundary lines of the map or plat, but there is nothing in the map or plat, or in the surveyor's notes, or in the proprietor's acknowledgment, that would indicate for what purpose such piece of land was intended to be used, *held*, that it cannot be considered as one of the public streets of the city.

*Error from Dickinson District Court.*

ACTION brought by *Carpenter* against *Fisher*, to restrain the defendant from obstructing a certain so-called public street. Trial at the October Term, 1885, and judgment for plaintiff. The defendant brings the case here.

*C. F. Mead,* for plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: No brief has been filed or oral argument made in this case on the part of the defendant in error; hence we must rely principally upon the brief and oral argument made by the counsel for the plaintiff in error. It seems that the only question involved in this case is, whether a certain piece of land situated in the city of Abilene, Kansas, is a public street, or is the private property of the plaintiff in error, John M. Fisher; and that it is either the one or the other, is admitted. That it is not a public street by prescription or limitation, is clear beyond all question, under the authority of the following cases: *The State v. Horn,* 35 Kas. 717; *Smith v. Smith,* 34 id. 293, 301. The only question then for us to further consider is, whether the land is a public street by dedication, or not. Now it is not such unless it is such by reason of the filing of a certain map or plat and the surveyor's notes and the proprietor's acknowledgment, in the office of the register of deeds, on July 22, 1870. Sections 1, 2 and 6 of the act relating to plats of towns and cities, (Comp. Laws of 1879, ch. 78,) read as follows:

"SECTION 1. Whenever any city or town, or an addition to any city or town, shall be laid out, the proprietor or proprietors of such city or town or addition, shall cause to be made out an accurate map or plat thereof, particularly setting forth and describing: *First,* all the parcels of ground within such city or town or addition, reserved for public purposes, by their boundaries, course and extent, whether they be intended for avenues, streets, lanes, alleys, commons, or other public uses; and *second,* all lots intended for sale, by numbers, and their precise length and width.

"SEC. 2. Such map or plat shall be acknowledged by the proprietor, or, if an incorporated company, by the chief officer thereof, before some court or other officer authorized by law to take the acknowledgment or conveyances of real estate."

"SEC. 6. Such maps and plats of such cities and towns and additions, made, acknowledged, certified, filed and recorded with the register, shall be a sufficient conveyance to vest the fee of such parcels of land as are therein expressed, named or intended for public uses in the county in which such city or town or addition is situate, in trust and for the uses therein named, expressed or intended, and for no other use or purpose."

The piece of land in controversy is a part of Fisher's addition to the town or city of Abilene. It is about 250 feet in length, and 34 feet wide at the west end and 89 feet wide at the east end. It is designated by boundary lines in the map or plat filed in the register's office; but there is nothing in the map or plat, or in the surveyor's notes, or in the proprietor's acknowledgment, that would indicate for what purpose it was intended to be used. The surveyor, in his notes, states that "the dimensions of lots, streets and alleys are given on the plat;" and on the plat the lots are numbered, and two out of three of the streets are named, and figures are used to show the width of the streets and alleys and the length and width of the lots; but that part of the map or plat representing the piece of ground in controversy is left blank. Under such circumstances, we do not think that the land in controversy can be considered as a public street. (*Cook v. Hillsdale*, 7 Mich. 115; *Mayor v. Stuyvesant*, 17 N. Y. 34; *Robinson v. Coffin*, 6 Pac. Rep. 41.) Indeed, under the statute, it could not have been intended for an avenue, *street*, lane, alley, common, or *other public use*, nor could it have been intended as one of the "lots intended for sale." Therefore it must have been a piece of ground intended to be reserved for the use of the proprietor and such persons as might succeed to his right.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.