## THE COUNTY COMMISSIONERS OF HENNEPIN COUNTY

### vs.

### HANCY S. DAYTON.

Block No. 62 upon the plot of the town of Minneapolis, was not divided into lots, and there were marked and noted on said plot and on and across the said block the words, " County Block." *Held*, that the words " county block,"

so marked and noted, are not sufficient to evidence a donation or grant of said block to the county of Hennepin, under *sec. 5, of chap. 31, Revised Statutes.*

Before said plot was recorded the proprietors made, signed and sealed upon the face of it the following writing, viz.: "Know all men by these presents, that we the undersigned of the county of Hennepin, Territory of Minnesota, owners and proprietors of the town of Minneapolis, in the county and territory aforesaid, do hereby and by these presents give, grant, donate and convey to the public use, all the streets and alleys as designated in this plot of the aforesaid town, together with all the lots, blocks, or squares therein, marked upon said plot, for the public use and benefit of the inhabitants of said town." Said writing was duly acknowledged and recorded as a part of the plot, and there was no lot, block or square upon said plot other than said block No. 62, which was in any way or manner marked for public use or benefit. *Held,* that if, (as claimed by plaintiff,) this "writing" is mere surplusage, something not authorized by the statute and to which the statute gives no effect, not part of the plot nor a marking or noting on the plot within the purview of the statute aforesaid, it does not tend to establish a donation or grant of block 62 under the statute. *Held,* that if on the other hand, the "writing" is to be regarded as part of the plot, (as would seem reasonable,) and as being a marking, or noting, or a setting forth, or expression of the uses and purposes of a dedication under the statute, then the writing does not tend to show that block No. 62 was given or granted to the county of Hennepin.

Appeal by the plaintiff, the board of county commissioners for Hennepin county, from a judgment of the district court for said county. The case is fully stated in the opinion of the court.

D. A. SECOMBE, for Appellant.

CORNELL & BRADLEY, for Respondent

*By the Court.*—BERRY, J.—The complaint alleged that, in August, 1855, the proprietors of certain lands caused the same to be duly surveyed and plotted as the town of Minneapolis; that the plot was made, certified, acknowledged and recorded in compliance with *chap.* 31, *Rev. St.;* that block No. 62, in

said plot was not divided into lots but "there was marked and noted on the said plot, and on and across the said block, the words 'county block.'" Upon these facts plaintiff claims to own said block in fee, and to be entitled to the possession thereof. A general demurrer to the complaint, having been sustained, the complaint was amended by inserting therein allegations to the effect that before said plot was recorded said proprietors made, signed and sealed upon the face of said plot a writing, of which the following is a copy, viz.: "Know all men by these presents that we, the undersigned, of the county of Hennepin, territory of Minnesota, owners and proprietors of the town of Minneapolis, in the county and territory aforesaid, do hereby and by these presents give, donate and convey to the public use all the streets and alleys as designated in this plot of the aforesaid town, together with all the lots, blocks or squares, therein marked upon said plot for the public use and benefit of the inhabitants of said town;" that said writing was duly acknowledged and recorded as a part of the plot, and that no lot, block or square upon the said plot, other than said block 62, was in any way or manner marked for public use or benefit. To the complaint as thus amended a general demurrer was interposed, upon the allowance of which, judgment was entered dismissing the action. Plaintiff appeals from the judgment and asks this court to review the order sustaining the demurrer to the original complaint, as well as the order sustaining the demurrer to the amended complaint.

The claim of the county to the block in question is based upon *section 5, ch. 31, Rev. St.*, which reads in this wise: "When the plot or map shall have been made out and certified, acknowledged and recorded, as required by this chapter, every donation or grant to the public, or any individual or individuals, religious society or societies, or to any corporation or body politic, marked or noted as such on said plot or map, shall be

deemed in law and equity a sufficient conveyance to vest the fee simple of all such parcel or parcels of land as are therein expressed, and shall be considered to all intents and purposes a general warranty against such donor or donors, their heirs or representatives, to said donee or donees, grantee or grantees, for his, her or their use, for the uses and purposes therein named, expressed and intended, and no other use and purpose whatever; and the land intended to be for the streets, alleys, ways, commons or other public uses in any town or city or addition thereto shall be held in the corporate name thereof, in trust to and for the use and purposes set forth and expressed, or intended."

The question presented by the demurrer to the original complaint is whether the words, " county block," written upon block 62 upon the plot, evidence a *donation or grant* of said block *to the county of Hennepin* under the provisions of the statute.

We think this question must be answered in the negative. The " donation or grant to the public or any individual, * * * or to any corporation or body politic, must be marked or noted *as such,*" on said plot. That is to say, to sustain the plaintiff's claim in this case, the donation or grant must be *marked or noted* on the plot as a *donation or grant* of block 62 *to the county of Hennepin.*

The words " county block," upon which alone the plaintiff relies in the original complaint, do not of themselves, as written upon the plot, include the idea of a donation or grant. They might furnish ground for a *conjecture* that the proprietors had either given or granted the block to Hennepin county, or that they had reserved it with the design of giving it or selling it to the county at some future time. But there must be more than a ground for *any conjecture,* even if it were not in the alternative. The donation or grant must be *marked or noted* as a donation or grant. There must be some *marking or note*

upon the plot, *clearly* expressing in some way that a designated piece of land is given or granted to a designated owner or grantee. It is quite clear to our minds that the words, " county block," upon the plot in this case do not satisfy this requirement of the statute, so that we do not deem it necessary to adduce further considerations which occur to us in support of our conclusion.

As to the *amended* complaint, we do not perceive how the " writing " incorporated therein can aid the plaintiff. If the " writing " is, as contended by plaintiff, mere surplusage, something not authorized by the statute and to which the statute giv s no effect ; if it is not part of the plot, or, so far as this case is concerned, if it is not a *marking or noting* on the plot within the purview of the statute, we are unable to perceive how it can tend to establish a donation or grant of block 62 under the statute.

If, on the only supposable other hand, the writing, which is alleged to have been " made, signed and sealed upon the face of the said plot " before the recording thereof, and to have been " duly acknowledged and recorded as a part of the plot," is, (as would seem reasonable,) to be regarded as part of the plot, and as being a marking or noting or a *setting forth* or *expression* of the uses and purposes of a dedication under the statute, then certainly the writing would not tend to show that the block in controversy was given or granted to the *county of Hennepin.*

As it appears to us, then, that both demurrers were properly sustained, the judgment appealed from is affirmed.