WILLIAM HANSON *vs.* WILLIAM W. EASTMAN & others.

May 1, 1875.

**Town Plat.**—The construction of a town plat is for the court.

**Same—Streets.**—The plat in this case showing that a certain piece of land was left open, that it appeared as a continuation of a street, and that it afforded the only street access to certain lots, the court below, in the absence of any other evidence, except the plat, properly held the same (although a *cul de sac* ) to be a public street.

Action to recover possession of a piece of land in Hennepin county, described in the complaint as follows : " Commencing at the northeast corner of lot number six (6), in block number one hundred and ten (110), in the city of Minneapolis, in said county, running thence in a northeasterly direction about eighty-eight and one-half (88 1-2) feet, until it intersects the section line between sections twenty-five and twenty-six, thence along said section line, in a westerly direction, to the intersection of said line with block one hundred and sixteen (116) above mentioned, thence easterly along the northern boundary of said block one hundred and sixteen (116) about one hundred and sixty (160) feet, to the place of beginning."

At the trial in the district court for Hennepin county, before *Vanderburgh*, J., it appeared that plaintiff was sole heir of D. M. Hanson, who platted the same as part of Minneapolis, that there were no streets on the north of the section line, the ground being unplatted, and that plaintiff did not claim any land adjoining the premises in question. The plat of Minneapolis was offered in evidence by defendants, and admitted under objection and exception taken by plaintiff. So much of this plat as is material is shown in the opinion. It further appeared that defendants occupied block 116 as a lumber yard, and that some of their lumber piles extended a few feet beyond the line of the block, and upon the premises in question. Plaintiff's counsel claimed the right to address the jury on the evidence bearing upon the question whether the premises in question were a public

street, (the only evidence on this point being the plat.) The court, however, refused to submit the question to the jury, and decided, from the plat in evidence, that the premises in question were a public street, and so instructed the jury, to which plaintiff excepted. The jury found for defendants, a new trial was denied, and plaintiff appealed.

*Atwater & Babcock*, for appellant.

*D. A. Secombe*, for respondents.

BERRY, J. Dominicus M. Hanson, (through whom the plaintiff claims,) being owner of a certain tract of land, laid out and platted the same in accordance with the statute, and his plat was duly executed and recorded. So much of the plat as is important for the purposes of this opinion is represented on the following sketch :

The principal question in the case was whether the triangular piece of ground, lying between block 116, and the north line of section 26, is a public street. This question the court below refused to submit to the jury, deciding, from the plat, that the piece of ground referred to was a public street. No evidence bearing upon this question, except the plat, having been introduced, we are of opinion that the court below was entirely right in refusing to submit the question to the jury. If the plat is not, in the strict and narrow sense of the words, a written instrument, it is so closely analogous to one as to fall within the reason of, and be governed by, the general rule which confides the construction of written instruments to the court, and not to a jury. *Winona* v. *Huff*, 11 Minn. 119, 131; *Comm'rs of Hennepin County* v. *Dayton*, 17 Minn. 260.

As to the construction placed upon the plat by the court, the only practically important question in the case is whether it was correct as respects that part of the triangular tract which lies between block 116, and a line drawn by extending the northerly line of First street, as the same is shown in block 133, to the north line of section 26.

The facts, that this part of the triangular tract is left open, that it appears as a continuation of First street, that it affords the only street access to lots 7 and 8, block 116, leave no room for reasonable doubt that the intention expressed on the plat is to designate and dedicate the same as a public street. That this part of the triangular space is a *cul de sac*, is unimportant. *Mankato* v. *Warren*, 20 Minn. 144.

This part of the triangular tract being a public street, the owners of the lots fronting thereon are presumably owners of the street to the centre line thereof. The defendants, being in lawful possession of block 116, are presumably entitled to possession of the adjoining half of such street. For their possession of this half, it is hardly necessary to add that if ejectment could be maintained at all by a private person, it could only be maintained by the owner, (who was not the plaintiff,) of the lots in block 116 fronting thereon;

and as, from the evidence in the case, the jury were at liberty to infer that defendants were not, at the time of the commencement of this action, in possession of any more of the disputed premises than the half of the street to the possession of which they were presumably entitled, it is unnecessary to consider whether ejectment would lie for the unauthorized possession of the rest of the disputed premises, or not.   Judgment affirmed.