## STRUNK v. PRITCHETT.

[No. 3,888.   Filed November 14, 1901.]

DEDICATION.— *Platting of Farm Lands.*—That there is no statute authorizing the platting of farm lands, or the laying out and dedication of streets and alleys thereon, does not render the record of the plat a nullity, where the purchasers of lots thus laid out relied upon such plat.   *pp. 585, 586.*

SAME.—*Streets and Alleys.—Acceptance of Dedication by User.*— Where the streets and alleys designated by a recorded plat of real estate are used by the purchasers of lots and by the public for four or five years, such streets and alleys will be held to have been dedicated to the public though there was no formal acceptance, by the public authorities.   *p. 586.*

HIGHWAYS.—*Obstruction of Alley.—Injunction.*—The obstruction of an alley which is the only means of access to the rear of a lot is such a special injury to the owner that he may maintain proceedings to enjoin the obstruction.   *pp. 586, 587.*

SAME.—*Explanation of Plat.—Parol Evidence.*—In a suit to enjoin the obstruction of an alley designated by a recorded plat of certain real estate, parol evidence to explain the plat is inadmissible. *p. 587.*

DEDICATION.—*Plat of Real Estate.—Construction.*—Where the owners of a tract of land made a plat thereof, designating certain portions as streets and alleys, other portions being divided into lots, except a space marked as "reserved for a hotel," and a triangular space in the rear of certain lots into which triangular space an alley and street opened, giving access to the rear of such lots and to the portion reserved for a hotel, such triangular space will be treated as dedicated to the public for street and alley purposes.   *pp. 587, 588.*

HARMLESS ERROR.—*Admission of Evidence.*—Parol evidence improperly admitted to explain a plat of real estate is harmless, where the same facts are shown by a correct construction of the plat.   *p. 588.*

From Clark Circuit Court; *J. K. Marsh,* Judge.

Suit by Mary H. Pritchett against Ira G. Strunk to enjoin the obstruction of an alley.   From a judgment for plaintiff, defendant appeals.   *Affirmed.*

*M. Z. Stannard,* for appellant.

*J. Hester* and *G. H. Hester,* for appellee.

Strunk *v.* Pritchett.

ROBY, J.—Appellee sought and obtained an injunction against appellant enjoining him from closing or obstructing a strip of ground sixteen feet wide averred to be a public alley. Whether the strip is an alley, or the private property of appellant, is the basis of the controversy.

Special findings were made, and conclusions of law stated thereon. The findings show that in 1891 James F. Gebhart and Robert E. Burke were the joint owners of certain real estate in Floyd county, and, for the purpose of subdividing and selling the same, caused it to be surveyed and staked off into "lots, avenue, alleys," etc., and executed and acknowledged a plat of the same, filed it, and procured it to be recorded in the recorder's office. It was stated on the plat that the streets and alleys thereon were dedicated to the public use forever. Lots sixteen and seventeen were sold and conveyed by Burke and Gebhart to appellee. The sale was made with reference to said plat, which was exhibited to her and consulted by the parties during the negotiations. It was represented to her also that her lots abutted on an alley at the rear sixteen feet wide. She at once took possession of said lots and built a residence thereon costing over $2,000. At different times thereafter all the other lots described in said plat were sold, and the streets and alleys as marked thereon thrown open and used by the public generally. It is also stated that the intention of said Burke and Gebhart was to dedicate, to the public use and to that of those who should purchase lots, all streets, alleys, and uninclosed spaces. The land in the rear of appellee's lot was continually used as an alley by the plaintiff and the public for four or five years after she purchased said lots. Appellant, in 1897, became the owner of lots twenty-two, twenty-three, twenty-four, thirty-seven, thirty-eight and thirty-nine.

Strunk *v.* Pritchett.

That portion of the plat relevant is as follows:

Immediately upon taking possession of his lots appellant asserted ownership to the strip between them, marked "alley". At the time the action was begun he was threatening to close it, and was holding part of it to his own use. Such alley has not been vacated by any legal proceedings. It is the only means of access to the rear of appellee's premises; its use is necessary to her enjoyment thereof, and, if closed, it will be a damage and injury to her and her premises. The territory platted is not contiguous to the city of New Albany or any other city or town. The board of commissioners have not accepted the dedication made on said plat and no public improvement of the alley has been made.

Appellant asserts (1) that there is no statute authorizing the platting of farm lands or the laying out of streets and alleys and avenues thereon, and that, therefore, the execution of the plat referred to in the findings was unauthorized, and its record a nullity; (2) that the land claimed to be an alley could only be impressed with the quality of a highway by a dedication made by the owner and an acceptance thereof on the part of the public authorities. The dedication relied upon is not as appellant assumes, a statutory dedication, but a common law dedication. An intention to dedicate the land is manifest; the court finds that such intention existed. The following quotation from an opinion of the Supreme Court settles the first proposition adversely to appellant. "The court seems to have held, as shown in the opinion filed with the transcript, that the original recording of the plat of Woodruff place was without authority of law, inasmuch as Woodruff place was neither a city or town nor an addition to a city or town. *Taylor* v. *City of Ft. Wayne,* 47 Ind. 274; *Forsythe* v. *City of Hammond,* 142 Ind. 505, 30 L. R. A. 576. Even if this were true it does not follow that there was no dedication of the plat, lots, streets, alleys, and fence reservations. Even if the record of the plat were a nullity for many purposes, and there were otherwise no express dedication of the streets, alleys and two-foot strips for fences,

yet the public acts of the proprietors in making and using a plat and selling lots in reference thereto, would constitute a dedication as to all persons who had obtained title to lots which had been sold according to such plat and to such location of streets, alleys, and fence reservations. *Rhodes* v. *Town of Brightwood,* 145 Ind. 21;" *Town of Woodruff Place* v. *Raschig,* 147 Ind. 517, 525.

The law relative to the acceptance of such dedication is stated as follows: "The acceptance may be an express one evidenced by some formal act of the public authorities, either state or local, or it may be one implied from the acts of the public authorities in recognizing the dedication by repairing, improving, lighting, or otherwise assuming control of the lands dedicated, or it may be implied from *user by the public* for the purposes for which dedicated." 9 Am. & Eng. Ency. of Law (2nd ed.), 43; *Summers* v. *State,* 51 Ind. 201; Elliott on Roads and Streets (2nd ed.), §154. The findings of the court bring the case within these authorities, and are sufficient to establish an acceptance.

It is further argued that granting a valid dedication and acceptance, the appellee must fail for the reason that she fails to show a special or peculiar damage not sustained by her in common with the general public. The law undoubtedly is that a special injury must be shown in order to enable an individual to sustain an action for the obstruction of a public highway. *Powell* v. *Bunger,* 91 Ind. 64; *Dantzer* v. *Indianapolis, etc., R. Co.,* 141 Ind. 604, 34 L. R. A. 769, 50 Am. St. 343. When, on the other hand, an injury different in kind from that suffered by the public is sustained, the person sustaining it may have his action to enjoin the obstruction thereof. *Pennsylvania Co.* v. *Stanley,* 10 Ind. App. 421; *Pittsburgh, etc., R. Co.* v. *Noftsger,* 148 Ind. 101.

The obstruction complained of not only materially interferes with appellee's access to her real estate but it takes it entirely away, so far as the way in question is concerned. It cannot be said that she can reach the front of her lot by the

street, and therefore suffers no injury. If she is entitled to the use of the alley, the existence of a different way at another place cannot deprive her thereof. The special injury necessary to sustain the action is therefore made out. *Pittsburgh, etc., R. Co.* v. *Noftsger, supra; Fossion* v. *Landry,* 123 Ind. 136. Gebhart and Burke made a certain dedication and sold appellee lots with reference to it. Appellant afterward bought other lots from them by reference to the same plat. The right of the public is not involved in this litigation. As between appellee and the persons from whom she purchased and those in privity with them, as appellant is, she is entitled to have all the streets on the plat by which she purchased kept open as streets. *City of Indianapolis* v. *Kingsbury,* 101 Ind. 200, 51 Am. Rep. 749; *Wolfe* v. *Town of Sullivan,* 133 Ind. 331; Elliott on Roads and Streets (2nd ed.), §120, and authorities cited, n. 1.

The right having been created by the act of the party, the law supplies a remedy; an injunction is an appropriate one.

The amended complaint is in three paragraphs. It describes the ground in the rear of appellee's lots (1) as an alley; (2) as a part of Roselind avenue; (3) as a triangular space independent of either. The objection is made that the complaint, in averring that the alley extends in the rear of appellant's lots, contradicts the plat. At the trial, Gebhart and Burke were permitted to testify that it was their intention in making the plat that the alley should extend through in the rear of appellee's premises. The admission of this evidence is stated as ground for a new trial. The construction of the plat is for the court. *Rhodes* v. *Town of Brightwood,* 145 Ind. 21, 25. The admission of parol evidence as to its meaning was error. *Miller* v. *City of Indianapolis,* 123 Ind. 196, 206; *Baltimore, etc., R. Co.* v. *City of Seymour,* 154 Ind. 17, 23.

In order to determine whether the error thus committed was harmful, a construction of the plat becomes necessary. This construction also must determine the objection made

to the complaint. The surroundings shown upon the plat are not such as indicate to the purchaser of lots west of number forty that such lots were cut off from the alley. Unless the alley or Roselind avenue extends so far as the west side of lot sixteen the tract reserved for hotel purposes is to an extent isolated from other portions of the lands platted. That this should have been intended is not consistent with the purposes of the reservation. The same reasons which apply to the extension of the alley to the point named equally apply to Roselind avenue and its termination at the same point. Lots upon the plat are surrounded by lines, marked by figures indicating their size, and numbered. No lines, numbers, or sizes appear upon that portion of the plat in the rear of appellee's lots. Had the intention been to reserve any part of the triangular strip to private use it is more than probable that the portion so reserved would have been indicated. Doubts are to be resolved against the donor. *Rhodes* v. *Town of Brightwood,* 145 Ind. 21; Elliott on Roads and Streets, §119.

The effect of the plat is to include in the alley and Roselind avenue all that triangular piece of land west of lot forty. Such construction explains the absence of lines indicating the north side of the alley and the south side of the avenue. This construction is in accord with the authorities. A Minnesota case often cited by our courts, is practically identical both upon its facts and the conclusions. *Hanson* v. *Eastman,* 21 Minn. 509; *Sanborn* v. *Chicago, etc., R. Co.,* 16 Wis. 20; *Miller* v. *City of Indianapolis,* 123 Ind. 196, 206; *Arnold* v. *Weiker,* 55 Kan. 510.

There is another reason as between these parties why this construction must be adopted. It is the one they have themselves settled upon. Appellee was informed prior to the purchase of her lots and as part of the transaction that the alley extended across them. Gebhart and Burke then placed a construction upon the plat and secured an advantage therefrom. They are now estopped under a familiar rule from

setting up a different construction to their own advantage. Nor do they seek to do so. The attempt is made by one who under them holds lands described by reference to the same plat which has thereby became a part of his deed. The plainest principles of fair dealing entitle appellee to the relief given her by the trial court, and no harm could have resulted to appellant by the admission of the evidence specified.

The judgment is affirmed.