IRA INGRAHAM, Appellee, *vs.* ERNEST BROWN *et al.*
Appellants.

*Opinion filed December 17, 1907.*

1. PLATS—*when plat is, at most, but a common law dedication.*
A plat of a town not made by the owners of the land but by the
county surveyor, is, at most, but a common law dedication, and the
title to the streets and alleys, subject to the right of travel in the
public, is in the adjoining owners.

2. SAME—*when a plaintiff in ejectment is estopped to deny existence and legal effect of plat.* A plaintiff in ejectment is estopped
to deny the existence and legal effect of a plat covering the premises in suit, if, in the chain of his title, there are conveyances of
land according to the lot and block numbers of such plat.

3. SAME—*when street is sufficiently indicated upon plat by figures.* The figures "138" marked upon the margin of a blank space
running between certain blocks in a plat and apparently intended
to represent a street, although not so designated in words, is sufficient to show that such space was intended to be a street 138 feet
wide, where the surveyor's certificate to the plat states that all
measurements are taken in feet and that the sizes of the lots and
width of streets and alleys are marked on their margins, as shown
on the plat.

APPEAL from the Circuit Court of Vermilion county;
the Hon. JAMES W. CRAIG, Judge, presiding.

W. M. ACTON, for appellants.

BUCKINGHAM & TROUP, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the
court:

This was an action of ejectment commenced in the circuit court of Vermilion county by the appellee, against the
appellants, to recover the possession of a small, triangular
piece of land, described as commencing at the north-west
corner of lot 12, in block 2, in the original town of Bismarck; thence running south along the west line of said lot

to the south-west corner thereof; thence south to the east line of the right of way of the Coal Creek branch of the Chicago and Eastern Illinois Railroad Company; thence in a north-westerly direction along the east line of said right of way to a point directly west of the place of beginning; thence east to the place of beginning,—situated in the north-east quarter of the south-east quarter of section 20, in township 21, north, range 11, west of the second principal meridian, in Vermilion county, Illinois. The tract is thirty-eight feet wide at its north line on Holloway avenue, and runs south to a point at the place where it strikes the right of way of the Coal Creek branch of the Chicago and Eastern Illinois Railroad Company. The following plat indicates the situation of the tract, and the streets, alleys and blocks which immediately surround it:

The case was tried upon an amended declaration, consisting of one count, to which the plea of not guilty was filed. A jury was waived and a trial was had before the court, which resulted in a finding and judgment in favor of the plaintiff, and the defendants have prosecuted an appeal to this court.

The plaintiff derived title by a regular chain of conveyances from the United States government to himself. In preparing the bill of exceptions one conveyance was omitted. The appellee obtained leave of the trial court to supply such omission, and by leave of this court has filed a certified copy of the amended bill of exceptions with the clerk of this court, so that the title to said premises is shown to be in the appellee unless the appellants have shown a better title thereto in themselves. To show title in themselves the appellants rely upon a plat of the "Town of Bismarck," made on November 15, 1872, by "Alex. Bowman, county surveyor," of which the plat heretofore shown in this opinion is a part, and proof of the fact that they are the owners in fee of lot 12, of block 2, in said town of Bismarck, which adjoins the north part of the premises in question immediately upon the east, it being their contention that they are the owners of the fee to the tract in question, subject to an easement therein of the public to use the tract as a part of one of the public streets of the town of Bismarck.

The plat of the town of Bismarck was not made by the owner of the lands covered by said plat. Said plat is therefore, at most, a common law plat, and the title to the streets and alleys designated on said plat never vested in said town of Bismarck. It appears, however, that in the chain of appellee's title, lands contained within the limits of said plat were conveyed according to the lot and block numbers found in said plat, the effect of which conveyances was to estop the appellee from denying the existence of said plat and its legal effect. (*Gridley* v. *Hopkins,* 84 Ill. 528; *Louisville and Nashville Railroad Co.* v. *Koelle,* 104 id. 455; *Hender-*

*son* v. *Hatterman,* 146 id. 555; *Smith* v. *Young,* 160 id.
163; *Thompson* v. *Maloney,* 199 id. 276.)   The fee title,
therefore, to the streets and alleys in said town of Bismarck
is in the adjoining lot owners, and the fee title, subject to
the right of travel in the public, to the premises in question,
adjoining lot 12 on the west, is in the appellants, if said
tract in question lies in one of the public streets of said town
of Bismarck.   (*Gosselin* v. *City of Chicago,* 103 Ill. 623;
*Hamilton* v. *Chicago, Burlington and Quincy Railroad Co.*
124 id. 235; *Clark* v. *McCormick,* 174 id. 164; *Davenport
and Rock Island Bridge Railway and Terminal Co.* v. *John-
son,* 188 id. 472.)   The controlling question, therefore, in
this case is, is the strip of land immediately east of the rail-
road right of way and adjoining lot 12 of block 2 of the
town of Bismarck upon the west, shown upon the foregoing
plat, and in which strip the tract in question is situated, one
of the platted streets of said town of Bismarck?

The strip runs across the entire subdivision, and while
not named upon the plat as a street, it is marked upon its
margin with the figures "138," and the surveyor, in his cer-
tificate attached to said plat, certifies that "all measurements
are taken in feet and parts of a foot, and the several sizes
of the lots and blocks and widths of streets and alleys are
marked on their margins, as shown upon the plat."   We
are unable to understand why the figures "138" were placed
upon the margin of said strip, as platted, if it was not the
intention of the surveyor to indicate upon the plat, by such
figures, the width of said strip and that it was set apart as
a public street.   In order to show an intention to dedicate
said strip to the use of the public as a street it was not nec-
essary that the strip be named as a street, as such intention
may be established in any conceivable way by which it may
be made manifest that it was intended to set said strip aside
as a public street.   "A survey and plat, alone, are sufficient
to establish a dedication, if it is evident from the face of
the plat it was the intention of the proprietor to set apart

certain grounds for public use." (*Thompson* v. *Maloney, supra.*) "Where a plat of a town or city is made and recorded, and lots are designated thereon, with spaces left which fairly indicate that they are set apart to the public, the spaces thus indicated are presumptively streets." (Elliott on Roads and Streets,—2d ed.—sec. 18.) From what appears upon the face of the plat of the town of Bismarck, when taken in connection with the certificate of the surveyor who made the plat, we think it apparent the premises in controversy are situated in one of the streets of said town of Bismarck, and that the appellants are the owners of so much thereof as lies west of lot 12.

The questions involved in this case are all considered and decided in the case of *Thompson* v. *Maloney, supra.* The appellee relies upon the cases of *City of Chicago* v. *Drexel,* 141 Ill. 89, and *Birge* v. *City of Centralia,* 218 id. 503. Those cases were cases in which the controversy arose between the public and an individual, and not, as here, between two individuals, as was the case in *Thompson* v. *Maloney, supra.* Where a city or village claims a strip of land as a street or alley, it must show not only an intention to dedicate the strip to the public, but an acceptance, also, on the part of the public.

There is evidence in the record that the owners of lot 12, in block 2, have been in possession of a small building situated on the north end of said tract for more than twenty years. The evidence of possession, however, is confined to that part of the tract occupied by the building, and that possession would not have the effect to give appellants title by limitation, or otherwise, to that portion of said tract which lies south of the south line of said lot 12 of block 2.

The judgment of the circuit court will be reversed and the cause remanded to that court for a new trial.

*Reversed and remanded.*