## LOUIS F. MENAGE v. CITY OF MINNEAPOLIS.[1]

### May 8, 1908.

### Nos. 15,640—(163).

**Dedication of Street.**

> In an action to quiet title to a strip of land lying between the lots in Cottage City and Lake Calhoun, in the city of Minneapolis, it is held that the evidence sustains the finding of the trial court that the land in question was intended to be and was dedicated to the public as a street or highway. Such intention clearly appears from the arrangement of the streets, alleys, and lots, the relation of the plat to the lake front, and particularly from the fact that a number of lots in the plat would otherwise not front upon any street or alley.

Action in the district court for Hennepin county to have plaintiff adjudged the owner in fee simple of certain real property. The case was tried before Holt, J., who made findings and ordered judgment in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*C. J. Bartleson,* for appellant.

*C. J. Rockwood and Frank Healy,* for respondent.

ELLIOTT, J.

This action was brought by appellant to quiet and establish his title to a certain strip of land lying between the north and northeasterly

[1] Reported in 116 N. W. 575.

lines of the lots and blocks in Cottage City and the shore of Lake Calhoun. The respondent in its answer claimed that the land had been dedicated as a public street. The trial court ordered judgment in favor of the defendant, and the appeal is from an order denying the plaintiff's motion for a new trial.

In 1882 the appellant, being the owner of a tract of land of some sixty acres, with about sixteen hundred feet frontage on the south' shore of Lake Calhoun, platted it into twenty eight blocks, each subdivided into numerous lots. This plat, named Cottage City, was duly filed in the office of the register of deeds for Hennepin county. Five of the avenues marked and named on the plat run north and south through the tract, and one other avenue lies on the westerly margin of the plat. Fortieth street bounds the tract on the south, and Thirty-Ninth street runs through from east to west some distance north of Fortieth street. Thirty-Eighth street runs east and west through the tract, but not entirely across it. The platted lots do not touch the water, but are separated from it by a strip of land varying in width, as marked on the plat, from thirty to ninety feet. The avenues running north and south open into this strip, as do also the alleys in five different blocks. There is no line on the map indicating the northerly boundary or terminus of either of these streets or alleys. Immediately after this plat was filed the appellant, by reference to the recorded plat, conveyed the whole of Cottage City to Channell and Haywood, who thereafter by numerous deeds, referring to the plat, conveyed various lots in different blocks to sundry persons, by whom or by whose grantees they are now owned. Lake Calhoun is over a mile long and near a mile wide, and has always been used by the public for boating, fishing, and various forms of amusement. Ever since the recording of this plat the public has freely used the avenues running north and south as approaches to the lake. The strip of land has also been used for footpaths or walks for purposes of recreation, and for the purpose of going to and from stopping places on the street car lines near by. The strip of land has never been placed upon the tax books, and has never been assessed for taxation or for special improvements since the plat was recorded. The appellant claims this strip of land was not platted as a street, and was never designated for public use.

The intention to make a statutory dedication must be clearly expressed upon the face of the plat, and in County Commrs. of Hennepin County v. Dayton, 17 Minn. 237 (260), it was held that the words "County Block" upon a block were not sufficient to indicate an intention to dedicate the block to the county. When this plat was filed, the statute (chapter 29, G. S. 1866; G. S. 1878, c. 29) provided: "When any person wishes to lay out a town or an addition or subdivision of out lots, he shall cause the same to be surveyed and a plat thereof made which shall particularly describe and set forth all the streets, alleys, commons or public grounds, and all in and out lots, or fractional lots within, adjoining or adjacent to, said town, giving the names, width, courses, boundaries and extent of all such streets and alleys." A plat so made out, certified, acknowledged, and recorded is declared to have the legal effect of a donation or grant in fee to the donee or grantee marked or indicated on said plat, and all lands intended to be for streets or public places are to be held in trust for the uses and purposes set forth and intended. If this strip of land had been named as a street, all the requirements of this statute would have been complied with. Its width, courses, boundaries, and extent are clearly designated on the plat. The appellant's contention that the strip is not a street, and was not intended as a street, rests upon the absence of a name and the claim, not clearly established, that different colors are used on the plat for the purpose of distinguishing streets from lots, and that this strip is colored like the lots, instead of the streets. In order to effect a statutory dedication, the statute must be substantially complied with; but the absence of a name is not in itself conclusive of an intention not to dedicate the tract as a street. Hanson v. Eastman, 21 Minn. 509; London & San Francisco Bank v. City of Oakland, 90 Fed. 691, 698, 33 C. C. A. 237; Elliott, Roads & Streets (2d Ed.) § 119, and cases cited.

We think the evidence amply sustains the findings of the trial court that the appellant intended to and did dedicate this strip of land to public use as a street and highway. See Hanson v. Eastman, supra; City of Indianapolis v. Kingsbury, 101 Ind. 200, 51 Am. 749. There is no number indicating a lot or block on the strip. All the six streets and five alleys open into it. Three lots in block 9 have no street frontage, unless this strip is a street; and it is difficult to be-

lieve that the appellant platted the land with such a result in view. Persons buying lots in the addition would naturally be attracted by the idea of ready access to the lake shore, and it is unreasonable to suppose that the plaintiff intended that prospective buyers of lots in the north tier of blocks would have cul-de-sac streets and alleys in those blocks. The fact that the land has not been assessed for taxation may merely show that tax officials have been derelict in their duties; but the fact that the appellant has never paid any taxes also tends to show that he did not understand that he was the owner of the strip of land. These and other circumstances which might be mentioned induced the court to believe that the appellant, when he recorded the plat of Cottage City, intended to dedicate the strip in question to the use of the public, and we agree with that conclusion.

The reception of the plat of Interlachen Terrace in evidence is assigned as error; but we cannot see that the evidence was of any importance. At the most it simply served to show the condition which had existed in the neighborhood. It certainly was not prejudicial to the rights of the appellant.

The order of the trial court is affirmed.