## ATLAS LUMBER CO. et al. v. QUIRK.

The owner of land made out an addition consisting of nine platted blocks. Blocks 1, 2, 3, were platted into lots and were separated from blocks 4, 5, 6, on the south by a street designated as C. street, and between the latter blocks and blocks 7, 8, 9, was a strip about 90 feet wide which was not designated as a street, but which was not platted into lots and was a substantial continuation of another street as shown by a prior platted addition, and railroad tracks extended down the center of such strip. Annexed to the plat was a certificate by the owner that he caused the land to be platted as indicated by the plat and surveyor's certificate, and the surveyor's certificate recited that he surveyed the land into lots, blocks, streets, and alleys, and that the accompanying plat was a true representation of the addition, particularly describing and setting forth all the lots, blocks, streets, and alleys, and giving the names, numbers, boundaries, etc., of the same. **Held**, that the plat, construed with the certificates, showed that the strip between blocks 7, 8, 9, and the railroad right of way was intended to be dedicated as a street.

It is presumed that one who records a plat of an addition containing undesignated spaces which appear to form no part of any platted lots dedicates such spaces as public streets, especially where such spaces are apparently extensions of other streets.

As against the original owner, an intent to dedicate land as a street must be clearly shown from his acts and declarations in connection with the surrounding circumstances.

(Opinion filed, February 29, 1912.)

Appeal from Circuit Court, Hyde County. Hon. JOHN F. HUGHES, Judge.

Action by the Atlas Lumber Company and another against Elmer Quirk. From a judgment for defendant, plaintiffs appeal. Reversed, and judgment directed for plaintiffs.

The following is the plat referred to in the opinion:

J.R. GOWDY'S NORTH ADDITION TO HIGHMORE.

*Boucher, O'Brien, Johnson & Auldridge,* for appellants. *Gardner, Fairbank & Churchill,* for respondent.

McCOY, P. J. The sole question at issue upon the merits of this action is whether or not a certain strip of ground, about 45 feet in width, lying between the right of way of the Chicago & Northwestern Railway and blocks 7, 8, and 9, of Gowdy's addition to the city of Highmore, is a public street or private property. The plaintiff owns lots 1 and 2 of block 7, on which it has

a lumber yard.    Plaintiff also has leased from the railroad company a portion of its right of way immediately south of the tracks and immediately north of the 45-foot strip of ground in controversy.    The respondent claiming to be the owner of the strip of ground in controversy lying north of said block 7, under a quitclaim deed from the heirs of Gowdy made in 1905, commenced the construction of an icehouse between plaintiff's lumber yard and elevator.    Plaintiff instituted this suit to restrain and perpetually enjoin defendant from erecting and maintaining said icehouse on said strip of land on the ground that the same is a public street and not the private property of respondent.    Findings and judgment in the lower court were in favor of defendant.    Plaintiff appeals, alleging various errors and also alleging insufficiency of the evidence to justify the findings and judgment.    Appellant also contends that, on the facts found by the trial court, judgment should have been for plaintiff, the contention of the appellant being that the undisputed evidence in the case conclusively shows that the said strip of land was dedicated as a public street by J. R. Gowdy at the time he platted and laid out said addition to the city of Highmore, and that said dedication was accepted and used by the public.    The accompanying plat substantially shows the plat filed by Gowdy, with the exception of the X, indicating the portion of said plat occupied by plaintiff, and the _|, indicating the point where respondent seeks to erect said icehouse.    The said plat was made and filed by Gowdy in May, 1885, and had annexed thereto a certificate of the surveyor, Dallas L. Cadwallader, who made the same, stating in substance that: "At the instance and request of J. R. Gowdy of the town of Highmore, I did, on and prior to the 30th day of April, 1885, survey and stake out into lots and blocks, streets and alleys, a part of the southeast 40 of the northeast quarter of section 11, for the purpose of laying out an addition to the town of Highmore to be known by the name of 'J. R. Gowdy's north addition to Highmore,' and that the accompanying plat is a true representation of said addition particularly describing and setting forth all the lots and blocks, streets and alleys, giving the names, numbers, widths, corners, boundaries, and extent of the same; and that all the lots

in said addition are numbered by the block in which they are situated; and I also certify that the said J. R. Gowdy, the proprietor of said addition, did at the time of laying out said addition cause to be firmly fixed in the ground four good and sufficient stones of such size and dimensions as directed by me as surveyor, and that the points where the same may be found are indicated on said plat." The said plat also had annexed thereto the following certificate of J. R. Gowdy: "Know all men by these presents, that the undersigned, J. R. Gowdy, of the county of Hyde, the territory of Dakota, owner of the land described in the foregoing certificate of Dallas L. Cadwallader, surveyor, do hereby certify that he caused the said land to be surveyed, laid out and platted, into an addition to the town of Highmore in the manner indi-cated in the annexed plat and foregoing certificate of Dallas L. Cadwallader, surveyor. And that the streets and alleys as shown in said plat are hereby dedicated to the public use forever. Wit-ness my hand and seal this 2d day of May, 1885. [Signed] J. R. Gowdy."

The said certificates of said surveyor and said Gowdy were duly acknowledged, and thereafter on the 3d day of May, 1885, the said plat, together with the accompanying certificates, were filed for record in the office of the register of deeds in and for said Hyde county, and recorded in Book 1 of Plats, on page 46. The said Gowdy by the making and filing of this plat made a statutory dedication under sections 1490-1499, Pol. Code, of all the streets, avenues, and alleys indicated by said plat.

[1, 2] It is the contention of respondent that the strip of ground in question was not designated in said plat as a "street," and was therefore not dedicated to the public. We are of the opinion that this contention of respondent is not tenable. We are of the opinion that the said plat itself, with the certificates annexed thereto, shows an intention on the part of J. R. Gowdy to dedicate the said strip of land lying between blocks 7, 8, and 9, and the railway right of way as a public street, although the same was not marked "street" on the plat; but we are of the opinion that the manner of surveying and laying out of this addition and

the platting of the same conclusively show such intention.     In section 21, Elliott on Roads and Streets (3d Ed.), the rule is stated as follows: "Where a plat of a town or city is made out and recorded, and lots are made and designated thereon with spaces left which fairly indicate that they are set apart to the public, the spaces thus indicated are presumptively streets." Again, in section 130, the same author says, "Naturally the presumption is that one who records a plat and marks upon it spaces that appear to form no part of any platted lots dedicates the land represented by the spaces thus excluded to a public use;" and where there is left on a plat spaces not designated as a street, but which follow the line of a river, or where they follow the line as apparent extensions of other streets already in existence, it is held to constitute a dedication as a street of the undesignated portion of the plat.     The foregoing rule is clearly sustained by the following authorities: Hanson v. Eastman, 21 Minn. 509; Yates v. Judd, 18 Wis. 118; Miller v. Indianapolis, 123 Ind. 196, 24 N. E. 228; Thompson v. Maloney, 199 Ill. 276, 65 N. E. 236; Ingraham v. Brown, 231 Ill. 256, 83 N. E. 156; London Bank v Oakland, 33 C. C. A. 237, 90 Fed. 691; Osborne v. Seattle, 52 Wash. 323, 100 Pac. 850; Sanborn v. Railway, 16 Wis. 19; Arnold v. Weiker, 55 Kan. 510, 40 Pac. 901; Menage v. Minneapolis, 104 Minn. 195, 116 N. W. 575; Los Angeles v. McCollum, 156 Cal. 148, 103 Pac. 914, 23 L. R. A. (N. S.) 378; People v. Chicago Ry. Co., 239 Ill. 42, 87 N. E. 946; Strunk v. Pritchett, 27 Ind. App. 582, 61 N. E. 973.     In Arnold v. Weiker, supra, the facts were very similar to those in the case present.     The owners of the land had platted the same into lots and blocks, leaving spaces for streets and alleys; and a railroad crossed the track thus platted.     A strip of land neither included in any lot or block nor designated as a street or alley was left between certain blocks and the railroad right of way.     The court held there was a dedication, and in rendering the opinion said: "The first and principal question in this case is whether by the platting of the town site of Peace the strip of ground lying next south of the depot grounds was shown to be intended for sale, or to be reserved for public purposes, or for further platting or use by the original proprietor.     We think it quite clear that it was devoted to public use, although not named as a street, nor crossing the

other streets and alleys at right angles. It was evidently designed to furnish access as a street or highway to the depot grounds, not only for owners of property abutting on the strip, but for all the people of that part of the town site lying south of the railroad and between Broadway and Tenth streets, and also as a means of ingress to and egress from Broadway and Tenth streets for the property on Jackson street, and also that abutting upon the strip between Seventh street and Broadway; and we think that this sufficiently appears without the use of any evidence other than that furnished by the plat and the dedication, and therefore the question as to the admissibility of evidence of dedication by user and acquiescence will be immaterial." In Los Angeles v. Mc-Collum the court held: "The filing of a map of a subdivision of a tract of land, with spaces marked thereon for streets followed by a sale of lots with respect thereto, is an offer to dedicate the streets to public use, which cannot be withdrawn after they have been accepted by ordinance, and it is immaterial that no names are attached to the spaces shown on the plat, or that they are cut off at one end by dotted lines." In Osborne v. Seattle, supra, and in Warden v. Blakely, 32 Wis. 690, and in London Bank v. Oakland, supra, and in Hanson v. Eastman, supra, it was held that where space was unnamed, but outside the lots and blocks on the plat, and which appeared as a continuation of another platted named street, this showed an intention to dedicate such unnamed strip or space to the public as a street. In Thompson v. Maloney, supra, a strip of ground 33 feet in width was left along by the side of certain blocks shown on the plat, but the 33-foot strip was not marked as a street, as all the other streets and alleys were marked, but the court held that, from the manner in which the plat was made up, the said strip not being marked as a lot or outlot, that the same was dedicated as a street. To the same effect is Ingraham v. Brown, supra. In Menage v. Minneapolis, supra, where the owner of the land platted the same into lots and blocks, numbering the lots and blocks, and naming the streets and alleys, but there was a strip of ground varying in width from 30 to 90 feet lying between certain blocks and Lake Calhoun, which strip of ground was not designated as a lot or block and was not named or designated as a street, the court held that the manner in which the whole addition was platted and laid out in-

dicated an intention to dedicate said strip next to the lake as a public street; that it was a continuation of a lake front street previously platted by others; that the owner who platted the same had never paid taxes on this strip, and had sold lots with reference thereto; and in rendering the opinion the court said: "The appellant's contention that the strip is not a street, and was not intended as a street, rests upon the absence of a name, and the claim, not clearly established, that different colors are used on the map for the purpose of distinguishing streets from lots, and that this strip is colored like the lots, instead of the streets. In order to effect a statutory dedication, the statute must be substantially complied with, but the absence of a name is not of itself conclusive of an intention not to dedicate the same as a street."

[3] As against the original owner, the intent to dedicate must be made clear, and this intent must be gathered from acts and declarations explanatory thereof, in connection with all the circumstances which surround and throw light upon the subject in each particular case. 5 Am. & Eng. Ency. 400. London Bank v. Oakland, supra. It will be observed that the certificate of the surveyor, Cadwallader, states: "And that all the lots in said addition are numbered by the block in which they are situated." This language excludes the idea and possibility of there being any other lots in said addition than those numbered in the respective blocks. The strip of ground in question is not numbered as a lot of any block. It coincides as a natural and appropriate extension of First street just east across Iowa avenue, in the Van Camp and Hadley addition. If this strip was not a street, it would close the north end of the alley in the middle of block 7, thus rendering said alley practically useless for any purpose, the 20-foot width thereof not being sufficient for the ordinary team and vehicle to turn round, and there would be no rear entrance to inside lots in blocks 8 and 9. From the plat and certificates annexed thereto alone, regardless of any extrinsic evidence, it is clear that this 45-foot space was intended to be dedicated to public use, although not named as a street. As held in Arnold v. Weiker, supra, it was evidently designed to furnish access as a street or highway to the depot grounds, not only for the owners of property abutting on said strip, but for all the people in that part of the town site lying south of the railroad. It appears from

the findings in this case that J. R. Gowdy after filing said plat never listed said strip for taxation and never at any time paid taxes thereon; that one Swanson for several years prior to 1889 rented said lots 1 and 2 of block 7 from Gowdy, and in 1889 purchased said lots from Gowdy, and that at the time of said purchase Gowdy spoke of them as "corner lots." Under the facts and circumstances of this case, as found by the trial court, there was an express statutory dedication of the strip of ground in question as a public street by J. R. Gowdy, the owner thereof, under sections 1490 to 1499, inclusive, Rev. Pol. Code of 1903, then in force as chapter 26, §§ 1-12, Rev. Code of 1877. The plat so made and filed by him, with lots and blocks numbered and designated thereon, with spaces marked as streets and avenues, and with other spaces fairly indicating that alleys were left 20 feet wide in certain blocks, although not named as such, and this strip in question also left between blocks 7, 8, and 9, and the railway, not numbered as a lot nor mentioned as an outlot, and being practically opposite as a continuation of First street of the prior platted addition of Van Camp and Hadley, just east across Iowa avenue, shown by the findings, all fairly indicate and express that said strip was also intended as a street or highway, although not in words stated to be such on the plat.

Respondent has raised the question that the statement of fact contained in appellant's brief is not sufficient to point out or establish error in that the findings and pleadings are not made a part of such statement. Under the ruling of this court in State v Doran, 28 S. D. —, 134 N. W. 53, appellant's statement of facts was insufficient in some respects, but as the decision in State v. Doran had not been rendered at the time of the filing of appellant's brief, and in consideration of the chaotic state of our statute law upon the subject of what such statement should contain, we have resorted to the original record in this case.

For the reasons hereinbefore stated, the judgment of the circuit court is reversed, and the circuit court is directed to enter judgment perpetually restraining the erection of said icehouse and the obstruction of said strip of ground in question as a public highway.