## HEFLEBOWER, Appellant, v. WILEY et al., Respondents.
### (138 N. W. 370.)

1. **Quieting Title—Pleading—Denial of Notice of Deed.**

    In an action to quiet title, plaintiff's evidence showed title in plaintiff; and the allegations of complaint that defendant, who set up title in himself under deed from the common grantor, took his deed and gave grantor a pretended mortgage for purchase money with notice and knowledge of plaintiff's prior deed, were not denied by the answer; defendant's deed having been first recorded. **Held,** the trial court erred in sustaining a motion on said evidence and pleadings, for judgment in favor of defendant; that the denial in the answer that defendant's deed and mortgage were without consideration, and the denial "that plaintiff now is or ever did have any title, interest, or claim of any kind whatsoever" in the land, and "no claim upon, demand, title or interest therein at this date," did not constitute a denial of plaintiff's said allegations of notice, etc.

2. **Trial—Finding Contrary to Pleading—Evidence on Appeal.**

    A finding in an action to quiet title that defendant took a conveyance of realty without notice of a previous deed by same grantor, is erroneous, where defendant's answer admitted, by failure to deny, plaintiff's allegation that defendant took such conveyance with notice; and the point that such finding must, in absence of a bill of exceptions containing evidence, be taken as true, is not tenable.

3. **Record on Appeal—Assignment of Errors—Original Record Examined.**

    Respondent contended that no proper statement of facts and no assignment of errors appears in appellant's brief; but, **held,** following Atlas Lumber Co. v. Quirk, 28 S. D. 643, 135 N. W. 172, that as such brief was filed prior to publication of decision in case of State v. Doran, 28 S. D. 486, 134 N. W. 53, this court will in view of the chaotic state of our statute law as to what such statement should contain, resort to original record, which contains a complete record on those heads.

(Opinion filed October 25, 1912.)

Appeal from Circuit Court, Sully County. Hon. J. H. Bottum, Judge.

Action by Frank Heflebower against Harrison D. Wiley and another, to quiet title. From a judgment for defendant establishing title in him, plaintiff appeals. Reversed.

*Frank Turner,* for Appellant.

At the close of plaintiff's testimony the defendants moved for findings and judgment in their favor. This motion was sustained. Transcript, 33 and 34. Judgment was accordingly entered for defendants, and the plaintiff appeals. This ruling of the learned trial court is assigned as error, Transcript 47.

The plaintiff's testimony consists of proof of the chain of title to the land in controversy from the United States government to plaintiff. Transcript, 31-2 and 3.

The defendant, Charles R. Wiley, claims title to the land in controversy by virtue of a deed from said Harrison D. Wiley to him, Charles R. Wiley.

The deed to defendant Charles R. Wiley was recorded prior to the plaintiff's deed, but the complaint at paragraph 6 (Tr. 4-5), specifically alleges that the deed from Harrison D. Wiley to the defendant Charles R. Wiley was taken with full knowledge and notice of the deed from Harrison D. Wiley to plaintiff.

This allegation of the complaint is not denied by the answer, Tr. 6 and 7, and therefore stands admitted, under the express provision of Sec. 145 of the Revised Code of Civil procedure.

So it plainly appears that when plaintiff proved his chain of title to himself and introduced in evidence his deed from Harrison D. Wiley to himself, he made a prima facie case.

The deed from Harrison D. Wiley to plaintiff antedates the deed from said Harrison D. Wiley to Charles R. Wiley.

The answer admits the allegation of the complaint that at the time Charles R. Wiley took his deed he had full knowledge and notice of the prior deed from Harrison D. Wiley to plaintiff, Tr. 6 and 7.

Charles R. Wiley having taken his deed subsequent to the time of the execution and delivery of plaintiff's deed, and with full knowledge and notice of the deed to plaintiff, (such knowledge and notice being expressly alleged in the complaint, paragraph 6,

Tr. 4 and 5, and this allegation not being denied by the answer, Tr. 6 and 7.) his, Charles R. Wiley's, title is not good as against that of plaintiff.

The learned trial court seems to have overlooked the fact that by the complaint and answer it stood admitted on the record, that defendant, Charles R. Wiley, had full knowledge and notice of the deed to plaintiff.

*J. H. Gropengeiser,* and *Sutherland & Payne,* for Respondents.

There is no assignment of error made by appellant. We submit that appellant has not presented to this Court a case for review. He has not presented any Bill of Exceptions or Statement of the Case, nor any ruling of the lower court, and there is no Assignment of Error for review. The evidence taken at the trial is not before the Court and in its absence it will be presumed that the lower court found sufficient evidence to sustain the findings and the judgment. While there is no general denial contained in the answer, the language of Paragraph IV thereof, we think, is equivalent to a general denial, as by its language, its substantially denies that plaintiff has any claim, demand, title or interest in said property.

Under the recording act every conveyance of real property * * * is void as against any subsequent purchaser of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded. Civil Code; page 734, Sec. 986.

Under the recording laws, a subsequent purchaser from the same grantor, whose prior deed is unrecorded, is presumed to be a bona fide purchaser and the burden of proof to show bad faith or want of consideration is upon the party alleging it. Ryder v. Rush, 102 Ill. 338.

The taking of a deed with knowledge of a prior conveyance to another person, unrecorded, is deemed a fraud upon him and this will not be presumed but must be shown by the party seeking to avail himself of it. Bush v. Golden, 17 Conn. 594.

Proof that a subsequent purchaser had actual notice of prior unrecorded deed must be clear and positive so as to leave no rea-

sonable doubt that the taking of the second conveyance was an act of bad faith toward the first purchaser. Rogers v. Wiley, 56 Am. 491, 14 Ill. 65.

The burden of proof in such a case is upon the plaintiff. Pollak v. Davidson, 6 So. 312, 87 Ala. 551; LaCrosse Boot & Shoe Manufacturing Co. v. Mons Anderson Co., 13 S. D. 301, at 306, 308.

The case last cited above is also found in 9 S. D. 560, where the same rule of law was laid down.

Fraud will never be presumed. Heyrock v. Surerus, 9 N. D. 28, 81 N. W. 36; LaCrosse Boot & Shoe Manufacturing Co. v. Mons Anderson Co., 9 S. D. 560; 13 S. D. 301.

The question of pleading now raised by appellant that there is no general denial of the allegations in the complaint and that it stands admitted, that the said defendant Charles R. Wiley took his deed with knowledge that a deed had been previously executed to appellant covering the same property, is not well taken. There is no such admission. It is true there is no formal general denial but the whole answer in effect is a general denial of the facts alleged in the complaint as against plaintiff's claims of title. Furthermore appellant has not presented any pleading to sustain his statements. Paragraph three of the answer denies that said deed to Charles R. Wiley was without consideration or that same was executed as alleged by plaintiff. And paragraph four of the answer excludes any interest whatever in said premises by the said plaintiff and appellant, and we believe that the language in paragraph four of the answer is broad enough to put the plaintiff upon proof of the allegations of the complaint. Language could hardly be broader in denying plaintiff's claim to said property. While the language is more or less informal the denial is such that plaintiff could not have any title or interest in said property if the denial be taken as true, and in the face of such a denial the plaintiff would have no right to predicate any knowledge of a previously executed deed if such existed in favor of the plaintiff.

CORSON, J. This is an appeal by the plaintiff from a judgment in favor of the defendant Charles R. Wiley. The case was tried to the court without a jury, and at the close of the plain-

tiff's evidence a motion was made by the defendant Chas. R. Wiley for a judgment in his favor, which motion was granted, and the granting of this motion is now assigned as error.

The action was commenced to quiet title to 80 acres of land in Sully county, and to cancel of record a certain deed executed to the defendant Chas. R. Wiley and mortgage executed by him. The complaint, after alleging a chain of title from the United States government to one Harrison D. Wiley, alleges as follows:

"[4] That on the 27th day of December, 1907, the defendant Harrison D. Wiley (using his initials only, H. D.) for a full, valuable consideration, made, executed, acknowledged, and delivered to plaintiff herein his certain warranty deed, whereby he conveyed and transferred to this plaintiff" the land in question:

"[5] That, notwithstanding the deed described and referred to in paragraph 4 of this complaint, the said Harrison D. Wiley did on or about September 7, 1908, execute to the defendant Charles R. Wiley a pretended warranty deed, whereby he, the said Harrison D. Wiley, attempted and pretended to convey and transfer to said Charles R. Wiley" the land in question, "and that said pretended deed was on or about September 15, 1908, recorded in the office of the register of deeds at page 544, and that on the same day, and as a part of the same transaction, the said Charles R. Wiley executed back to said Harrison D. Wiley a pretended mortgage on the land described in this paragraph, pretending to secure the sum of $800, which said mortgage was on September 15, 1908, recorded in the office of the register of deeds of said Sully county, in book 28 of Mortgages, at page 94.

"[6] This plaintiff specifically alleges that the said pretended deed and the said pretended mortgage described and referred to in paragraph 5 were wholly without consideration, and that the said pretended deed and the said pretended mortgage were made and taken by all parties thereto with full knowledge and notice of the deed from the said Harrison D. Wiley to this plaintiff, described and referred to in paragraph 4 hereof.

"[7] That the said pretended deed and the said pretended mortgage referred to and described in paragraph 5 hereof are a cloud upon plaintiff's title to said land."

Then follows a praper that title be quited in the plaintiff, and "that the pretended deed and pretended mortgage" be by judgment

of the court "annulled, canceled, and forever set aside." The answer admits the chain of title from the United States to Harrison D. Wiley, and that Harrison D. Wiley conveyed the real property in controversy to defendant Cahrles R. Wiley, and took a mortgage on the same for $800 in payment. It then "specifically denies that said warranty deed was delivered to said Charles R. Wiley, defendant, without consideration, and that said note and mortgage were made, executed, and delivered to the defendant Harrison D. Wiley without consideration as alleged in paragraph 6 of said complaint. "Answering paragraph 7 of said complaint, defendants deny that plaintiff now has or ever did have any title, interest, or claim of any kind whatsoever in said hereinbefore described premises, and alleges that plaintiff has no claim upon, demand, title, or interest therein at this date."

The case being called for trial, the plaintiff introduced copies of the records of Sully county showing the title in Harrison D. Wiley on January 30, 1907. Plaintiff then introduced, over the objections of the defendants, a purported deed of the premises from H. D. Wiley to the plaintiff, bearing date of December 27, 1907, and recorded October 28, 1910. No other evidence was offered by the plaintiff except a lis pendens filed with the register of deeds of Sully county giving notice of the commencement of the action and its nature. The defendant Charles R. Wiley thereupon moved for a judgment in his favor upon the ground that the common grantor, Harrison D. Wiley, executed a warranty deed of said premises to the defendant Charles R. Wiley, which deed was duly recorded September 15, 1908, the presumption being that the deed previously recorded would take precedence over all unrecorded instruments. The court took the matter under advisement, and later granted the motion and made findings of fact and entered a judgment in favor of the defendant Charles R. Wiley. The question before this court to decide, therefore, is whether or not plaintiff had made out a case by the evidence introduced, read in connection with the pleadings.

[1] It is contended by the plaintiff that the defendant did not deny generally or specifically "knowledge or notice" by him of the prior deed to the plaintiff at the time the second deed was executed to him, and hence it was unnecessary for the plaintiff to prove the allegations of the complaint that the defendant had such

knowledge and notice of the existence of the prior deed, and that by the introduction of the records above referred to he established his right to a judgment in his favor. The defendant, however, contends that although there was no specific or general denial of the allegations of the sixth paragraph, alleging that he took the second deed with knowledge or notice, the whole answer was, in effect, a general denial of the facts alleged in the complaint, and that the first part of the answer above quoted is broad enough to put the plaintiff upon proof of the allegations of the complaint. The learned circuit court evidently adopted this theory in granting defendant's motion for judgment in his favor. But in our opinion the court clearly erred in taking the view of the answer that it denied the allegations contained in the sixth paragraph of the complaint, alleging that he (defendant) took said deed with notice and knowledge of the plaintiff's prior deed, and in granting the defendant's motion. In the view we take of the case, the plaintiff is right in his contention that the allegation of notice and knowledge on the part of the defendant was not denied by the answer, and, under the pleadings and evidence at the time the plaintiff rested, he was clearly entitled to findings and judgment in his favor, as he had shown a complete title in himself. The contention of the defendant that the last paragraph of the answer in which the defendant denies "that plaintiff now is or ever did have any title, interest, or claim of any kind whatsoever in said hereinbefore described premises, and alleges that plaintiff has no claim upon, demand, title or interest therein at this date," is a general denial of the portion of the complaint above referred to, is, in our opinion, untenable.

[2] It is contended by the defendant that as the court made the following finding: "That the said Charles R. Wiley took the conveyance of said property in good faith and for a valuable consideration and without notice of any previous conveyance of said property or any part thereof"—and the evidence is not before the court by bill of exceptions, such finding must be taken as true. But, if the holding of this court is correct that the plaintiff's allegations that defendant took his subsequent deed with full knowledge and notice of plaintiff's prior deed was not specifically or generally denied by defendant's answer, the court's finding was not only not warranted by the pleadings, but clearly in contravention

not only warranted by the pleadings, but clearly in contravention of the same, and therefore the finding was clearly erroneous and cannot be sustained. The trial court is not warranted in making a finding in-contravention to the admission in the answer, actual or implied, by not being denied, and hence this finding must be disregarded by this court.

[3] The judgment of the circuit court, therefore, must necessarily be reversed, unless the respondent's further contention be sustained; i. e., that the record does not properly present the question to this court, for the reason that there is no proper assignment of errors, and no sufficient statement of facts upon which the appellant relies for a reversal. But we cannot agree with counsel for the respondent in this contention. The brief in this case on the part of the appellant was filed January 24, 1912, prior to the publication of the decision of this court in the case of State v. Doran, 134 N. W. 53, and hence under the decision in the case of Atlas Lumber Co. v. Quirk, 135 N. W. 172, this court will resort to the original record. In the latter case the court in its opinion said: "Respondent has raised the question that the statement of fact contained in appellant's brief is not sufficient to point out or establish error, in that the findings and pleadings are not made a part of such statement. Under the ruling of this court in State v. Doran, 134 N. W. 53, appellant's statement of facts was insufficient in some respects, but as the decision of State v. Doran ha dnot been rendered at the time of the filing of appellant's brief, and in consideration of the chaotic state of our statute law upon the subject of what such statement should contain, we have resorted to the original record in this case." Upon an examination of the record in this case, it appears that the "specification of errors" is very full and complete, and states very specifically the errors upon which the appellant will rely for a reversal of the judgment.

For the error of the court in granting defendant's motion and in making the foregoing finding of fact, the judgment of the circuit court is reversed.